IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 1:21-cr-00068-LY-2 |
| SUNI WYNN ROGERS (2) | § | |

## Order on Petition for Action on Conditions of Pretrial Release

In accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148, on July 30, 2021, a hearing was held before the undersigned Magistrate Judge on the U.S. Pretrial Services' Petition for Action on Conditions of Pretrial Release (Dkt. 154). In the Petition, Pretrial Services alleged that Defendant violated the following conditions of her release:

> 7(a) The defendant must submit to supervision by and report for supervision to the U.S. Pretrial Services Office.
>
> 7(l) The defendant must not use alcohol at all.
>
> (7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

Specifically, the Petition alleges that Defendant failed to report for drug tests as instructed on May 18, 2021; June 11, 2021; June 18, 2021; and June 24, 2021. Defendant did report for testing as instructed on June 25, 2021, and submitted a urine specimen that was confirmed positive for methamphetamine, although she denied use. In addition, on July 13, 2021, Pretrial Services Officers conducted a home visit and observed the alcoholic beverage Seagram's Escapes Strawberry Daiquiris, which Defendant admitted consuming.

At the hearing, the Government withdrew the motion to revoke because Defendant only recently began outpatient substance abuse therapy and counseling.

The Court has carefully considered the Pretrial Services Report, the Petition, and the arguments of counsel for the Government and Defendant. Pursuant to § 3148(b)(1)(B), the Court finds by clear and convincing evidence that Defendant violated condition (7)(l) of her release by using alcohol, as alleged in the Petition. Nonetheless, because Defendant recently began outpatient substance abuse therapy and counseling, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if she remains on release, and that she is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142, 3143(a)(1), 3148(b)(2)(B).

Therefore, it is **ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 154) is **DENIED**. Defendant remains on pretrial release subject to all conditions in the Court's Order Setting Conditions of Release (Dkt. 42).

**SIGNED** on July 30, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE