IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:21-cr-00068-LY-2 |
| | § | |
| SUNI WYNN ROGERS (2) | § | |

## Order on Petition for Action on Conditions of Pretrial Release

In accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148, on October 29, 2021, a hearing was held before the undersigned Magistrate Judge on the U.S. Pretrial Services' Petition for Action on Conditions of Pretrial Release submitted October 14, 2021 (Dkt. 170). In the Petition, Pretrial Services alleged that Defendant violated the following conditions of her release:

> (7)(m) The defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

> (7)(n) The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing

Specifically, the Petition alleges that Defendant:

- Failed to report for her urinalysis on September 13, 2021;
- Submitted diluted urinalysis specimens on September 20, 2021 and September 23, 2021; and
- Submitted a urinalysis specimen that was positive for amphetamines on July 26, 2021 and August 31, 2021, and a specimen that was positive for amphetamines and MDMA (Ecstasy) on September 28, 2021. The latter two results were confirmed positive for methamphetamine.

In addition, Pretrial Services Officer Kyona Stubbs testified at the hearing that Defendant removed a sweat patch used for drug testing applied by Officer Stubbs on October 18, 2021, and also submitted a specimen that returned positive results for methamphetamine and MDMA on October 4, 2021.

The Court has carefully considered the Pretrial Services Report, the Petition, the evidence presented at the hearing, and the arguments of counsel for the Government and Defendant. Pursuant to § 3148(b)(1)(B), the Court finds by clear and convincing evidence that, as alleged in the Petition, Defendant violated condition (7)(m) of her release by unlawfully using controlled substances, and violated condition (7)(n) of her release by failing to submit to testing for prohibited substances as required and by tampering with the efficiency and accuracy of prohibited substance screening or testing.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b)(2)(A). Specifically, it is **HEREBY ORDERED** that Defendant shall be **DETAINED until November 1, 2021**, when she shall be **RELEASED** to a program of inpatient substance abuse therapy and counseling as directed by Pretrial Services. Defendant remains subject to all conditions in the Order Setting Conditions of Release (Dkt. 42).

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 170) is **DENIED**.

**SIGNED** on October 29, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE